———————o———————

No. 4017.

(Court of Appeal, Parish of Orleans.)

PRETTO D. MOLL vs. CHARLES W. WALL.

Issue of fact only is involved in this case.

Appeal from Civil District Court, Division E.

Clegg & Quintero, J. O. Daspit and I. G. Kittredge, for plaintiff and appellee.

J. G. Robin and W. S. Parkerson for defendant and appellant.

MOORE, J.  Plaintiff sued for a balance alleged to be

due him on a contract of lease of labor and which contract was dissolved by mutual consent before the expiration of the time for which he was engaged.

The amount sued for is $405.00. There was judgment in his favor for $105.00 and from that judgment the defendant appeals. Appellee answers praying for an amendment in his favor for the amount sued for.

The evidence satisfies us that what was "due plaintiff on the date of the mutual dissolution of the contract—February 6th, 1905, was the deferred pay from December 1st, 1904, to February 6th, 1905, $82.50, and the current salary from the 1st to the 6th of February, 1905—$22.50, or a total of $105.00.

That this is the *only* amount due plaintiff is made conclusive by his letter to defendant's general manager dated 13th February, 1905, wherein he claims for these two items above and makes no pretense that any further sum for any cause whatsoever is due him. He directs payment to be made to one Boshoff. Defendant seeks to avoid this liability to plaintiff on the ground that this letter is a transfer and assignment of the claim to Boshoff, and that as the defendant has credited that sum on his (defendant's) books to Boshoff, charging the same against plaintiff, the latter is without right of action therefor.

The letter is in no sense a transfer and assignment of the claim to Boshoff or to any one else. It is simply to the effect that this sum is due; that its payment was promised; that it is not paid and concludes with directions that the amount be paid to Boshoff. Defendant admits that Boshoff has never collected this amount, and it is not made certain that he was credited with this sum, as defendant's bookkeeper—who defendant and his general manager testify is alone able to establish this fact—did not testify in the cause.

The judgment is affirmed, costs of appeal to be taxed against the defendant and appellant.